[No. 7,019.—Department Two.]
June 28, 1882.

## F. SCHERR v. JOHN T. LITTLE.

CONSTRUCTION OF CONTRACT—ATTACHMENT—REASONABLE TIME.—The defendant in this case, as sheriff, under a writ of attachment, at the suit of the plaintiff, seized $1,399.11 coin as the property of the judgment debtor which was claimed by one S.; who on the same day brought suit for its recovery. The defendant having demanded indemnity, the plaintiff gave him a bond and also signed a written agreement that the defendant might retain for a reasonable time all moneys that might come into his hands by reason of said attachment or any execution to be issued in said action. After the plaintiff recovered judgment, the Court—pending the suit of S. against the defendant—made an order directing the sheriff, upon the delivery to him of a written undertaking approved by the Court in the sum of $1,800, to pay into Court, or to his successor in office holding the execution, the money taken under the attachment.

*Held*: The reasonable time stipulated for in the contract is to be considered with reference to the fact that S. claimed the money, and might endeavor to establish that claim in the Courts. The plaintiff by his agreement has authorized the defendant to rely for his security against the claim of S. not only on the bond but on the money, and he is not entitled to the order while the action of S. is pending.

APPEAL from two orders made after final judgment in the Fifteenth District Court of the City and County of San Francisco. DWINELLE, J.

The first order, dated December 19, 1879, directs the money referred to in the opinion to be paid into Court upon the delivery or tender to the defendant of the undertaking; the last, dated December 22, 1879, recites the execution and approval of the undertaking and directs the payment absolutely.

*M. C. Hassett*, for Appellant, M. Nunan.

Sharon's claim to the money remaining undetermined, the Court could not compel the Sheriff to relinquish to Scherr the whole or any part of the security given against the claim of Sharon; and it had no power to substitute new security in its stead. Any order which the Court might make in the premises would afford no protection to the Sheriff. (C. C. P., §§ 549, 689.)

The stipulation in the bond under which the Sheriff held the moneys collected, as additional security was a contract between the Sheriff and the other parties to the bond, and could not be set aside without the consent of all parties thereto. (C. C., §§ 2848, 2849; *Van Norden* v. *Durham*, 35 Cal. 136.) It cannot be charged against the Sheriff that he retained the money for an unreasonable time, as additional security since the action of *Sharon* v. *Nunan* was not decided at the time the orders appealed from were made, although Scherr, by his attorney, C. S. Roe, Esq., prosecuted the defense thereof with "due diligence."

*C. S. Roe* and *J. M. Rothchild*, for Respondent.

The Court from which this appeal is taken, fully considered the stipulation attached to the bond that appellant could hold the same for a reasonable time, and construed "a reasonable time," to mean sixty days after judgment was recovered by respondent.

The order of December 19, 1879, was made conditional, upon the delivery or tender to him, Nunan, of a written undertaking in the sum of one thousand eight hundred dollars, which shall have been approved by the Judge of that Court.

The Court:

A writ of attachment was issued in this action, by virtue of which the Sheriff levied upon and took into his possession one thousand three hundred and ninety-nine dollars and eleven

cents coin, as the property of defendant. The money levied upon was claimed by one Sharon, and the Sheriff notified the plaintiff of the claim and demanded an indemnity bond. The plaintiff gave a bond in the sum of one thousand three hundred dollars. The plaintiff also signed an agreement "that the said Sheriff may retain for a reasonable time, as additional security against the claim of William Sharon, all moneys that may come into his hands by reason of said attachment or any execution to be issued in said action." Afterwards, the plaintiff recovered judgment against defendant for one thousand five hundred and twenty-seven dollars and eighty-two cents and costs, and an execution was issued; the plaintiff demanded that the Sheriff apply the one thousand three hundred and ninety-nine dollars and eleven cents towards the satisfaction of the judgment. Sharon commenced an action against the Sheriff to recover the money levied upon, which action is now pending in this Court on appeal.

In the action now before us, the Court below, on motion, directed the Sheriff to pay into Court and deposit with the Clerk the money levied upon, or pay the same to his successor in office holding the execution; and from that order this appeal was taken.

The question involved is the construction to be given to the agreement signed by the plaintiff to the Sheriff, authorizing him to retain, for a reasonable time, as additional security against the claim of Sharon, all moneys, etc. The words "reasonable time" should have reference to attendant circumstances or events. Reasonable time connected with one set of circumstances, might be quite unreasonable, connected with other circumstances. In this case reasonable time is to be considered with reference to the fact that Sharon claimed the money and might endeavor to establish that claim in the Courts. He has so endeavored, and his action is now pending, and is still undetermined. The sheriff was to have, not only the bond, but as "additional security" against the claim of Sharon, the possession of the money. We think, therefore, that the plaintiff has, by his agreement, authorized the Sheriff to rely for his security not only on the bond, but on the money, and that he is not now entitled to the order.

Order reversed.